Per Curiam.
This is a bill in chancery to collect the amount
due upon three bank bills, issued by the Lebanon *Miami [458 Banking Company, for the jiayment, in the aggregate, of the sum of five dollars. It is founded upon the idea that the defendants, who were stockholders in the bank when the bills were issued, are individually liable for its debts. This liability is not deduced from any independent contract by which they undertook to pay the debts, for no such contract is alleged. Nor does it rest upon the ground that they have received the assets of the corporation which were bound for its liabilities, for no such fact is stated. Nor is it pretended that there is. in the charter of the bank, any provision, that, either expressly or by necessary implication, makes its stockholders personally responsible. It is upon neither of these grounds that relief is sought. The ground upon which we are asked to sustain the bill is, that stockholders in a corporation are individu *459 ally liable for its debts, unless, .by some provision of the charter or statute law, they are exempted from such responsibility. The counsel for the complainant admits that Blackstone, and divers other eminent writers upon the law, and also certain courts, have entertained a contrary opinion; but ho is very clear they were all wrong, and he hopes and thinks this court will not be governed by such loose and inconsiderate expressions, either of text-writers or judges.
After a careful consideration of the elaborate and learned argu- ■ ment of counsel, we are unable to perceive that he has established the liability of the defendants. Ve suppose that no law is better settled than that they are not liable.
Again, the subject of this suit is too trivial. Speaking of the objections to a bill that may be taken by demurrer, Story says:
“ One of the objections, which may thus be taken, is, that the value of the subject of the suit is too trivial to justify the court in taking cognizance of it; or, as the phrase usually is, that the suit is unworthy of the dignity of the court. The true ground of this objection is, that the entertainment of suits of small value has a tendency not only to promote expensive and mischievous litigation, but also to consume the time of the court in unimportant and 459] ^frivolous controversies, to the manifest injury of other suitors, and to the subversion of the public policy of the land. Courts of equity sit to administer justice in-matters of grave interest to the parties, and not to gratify their passions, or their curiosity, or their spirit of vexatious litigation. In England, the rule of the courts of equity is, not to entertain a bill under the value of ten pounds sterling, or forty shillings per annum in land, except in special cases, such as in cases of charily, in cases of fraud, and in cases of bills to establish a right of a permanent and valuable nature. Story’s Eq. Pl., sec. 508.
This rule, which Story says is of great antiquity, has always prevailed in Ohio, with this modification, that, as our statute allows an injunction bill to restrain proceedings at law where the matter in dispute is of the value of twenty dollars (Swan’s Stat., old ed., 710, sec. 42), our courts of equity, by analogy, have generally entertained bills, though not for injunctions, if their subject-matter was of that value.
For the reasons stated, the demurrer to the bill must be sustained, and the bill dismissed.